[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2006
THOMAS K. KAHN
CLERK

No. 05-15222
Non-Argument Calendar

_____

BIA Nos. A95-263-475 & A95-263-476

MARTHA CECILIA BORRERO ZAPATA,
JULIE A. GUERRERO BORRERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(May 11, 2006)

Before DUBINA, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Martha Cecilia Borrero-Zapata, with her minor daughter Julie Andrea Guerrero-Borrero, petition for review of the BIA's affirmation of the Immigration Judge's ("IJ") order of removal denying withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA § 208, 8 U.S.C. § 1231; 8 C.F.R. § 208.16(c).

The IJ found that Borrero-Zapata herself was not a credible witness. The IJ denied withholding of removal because Borrero-Zapata had not been persecuted, and because the actions taken by the Revolutionary Armed Forces of Colombia ("FARC") were in response to her husband's failure to cooperate, not as a result of political opinion. The IJ found that Borrero-Zapata was not eligible for CAT relief because she had never been tortured.

Borrero-Zapata appealed to the BIA. She did not provide any bases for the appeal in her notices of appeal to the BIA. In her brief to the BIA, Borrero-Zapata argued that the IJ incorrectly determined that she had not suffered past persecution because of her political opinion or social group. She did not make arguments regarding CAT relief or the IJ's adverse credibility determination. The BIA denied Borrero-Zapato's appeal, adopting the decision of the IJ and further noting that, even if Borrero-Zapato was taken as credible, the BIA would still have found against her.

Where the BIA issues a decision with an opinion, we review that decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Reyes-Sanchez v. United States Atty. Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). Adopting the IJ's opinion, the BIA merely emphasizes that it would reach the same conclusion as the IJ even if Borrero-Zapata was fully credible. Accordingly, we directly review the IJ's opinion.

On petition for review, Borrero-Zapata argues that the IJ erred in denying her application for withholding of removal by finding that she lacked credibility, by using the wrong standard, and by failing to properly consider her claim of imputed political opinion.

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We therefore lack jurisdiction to consider claims that have not been raised before the BIA. *Lonyem v. United States Atty. Gen.*, 352 F.3d 1338, 1341 n.5 (11th Cir. 2003).

We must uphold a factual determination of the IJ "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation and citation omitted). The IJ's finding may only be reversed if the evidence

3

compels a reasonable fact finder to find otherwise. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005).

"An alien is entitled to withholding of removal under the INA if she can show that her 'life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion.'" *Sepulveda v. United States Atty. Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quoting 8 U.S.C. § 1231(b)(3)(A)). The alien must show that it is more likely than not that she will be persecuted or tortured upon being returned to her country. *Id.* Although persecution is not statutorily defined, we have held that persecution is an extreme concept requiring more than a few isolated incidents of harassment or intimidation. *Sepulveda*, 401 F.3d at 1231. Establishing a nexus between the statutorily listed factor and the feared persecution requires specific, detailed facts showing why the applicant has been or will be singled out on account of the factor. *Forgue v. United States Atty. Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). The applicant for withholding of removal carries the burden of proving that she meets the definition. *See Sepulveda*, 401 F.3d 1232.

The record demonstrates that Borrero-Zapata did not raise the issue of credibility in her three Notices of Appeal to the BIA, and she did not raise it in her brief to the BIA. Therefore, we conclude that Borrero-Zapata failed to exhaust her

4

administrative remedies with regard to credibility. As such, we are without jurisdiction to consider the issue of Zapata's credibility.

Because Borrero-Zapata's claim is supported only by her testimony, an adverse credibility finding by the IJ would leave her without any credible evidence, and therefore unable to meet her burden of proof. For there to be such a finding, the IJ must make an explicit, clean determination of credibility. *Yang v. United States Atty. Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). There was such a finding here, as the IJ stated "I would find that [Borrero-Zapata] also lacks credibility with regard[] to the asylum and withholding." Since the IJ made an explicit adverse credibility determination and Borrero-Zapata presented no non-testamentary evidence, Borrero-Zapata has failed to present any credible evidence, and this issue is fully dispositive of her withholding of removal claim. Accordingly, we deny Borrero-Zapata's petition with regard to her claim for withholding.

Borrero-Zapata also asserts error by the IJ in denying her claim for CAT relief, but makes no argument on this point.

To receive CAT relief, an alien must show that it is more likely than not she would be tortured if removed. 8 C.F.R. § 208.16(c)(2). Torture is any act by which severe suffering is intentionally inflicted by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 208.18(a)(1).

5

The record demonstrates that Borrero-Zapata did not raise any objection to the denial of her CAT claim in her three Notices of Appeal to the BIA, and she did not raise it in her brief to the BIA. Therefore, Borrero-Zapata has not exhausted her administrative remedies with regard to her claim for CAT relief, and we are without jurisdiction to consider it now. Accordingly, we dismiss Borrero-Zapata's CAT claim.

For the above-stated reasons, we deny Borrero-Zapata's petition as to her withholding of removal claim, and dismiss as to her claim for CAT relief.

**DISMISSED IN PART; DENIED IN PART.**